BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00130-GEB-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $34,694.03 IN U.S. CURRENCY SEIZED FROM PATELCO CREDIT UNION SAVINGS ACCOUNT NUMBER 522851-S00, HELD IN THE NAME OF GREG GARMA, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On August 20, 2013, agents with the Internal Revenue Service – Criminal Investigation ("IRS-CI") executed a Federal seizure warrant at Patelco Credit Union at 2648 Watt Avenue, Sacramento, California. The agents seized Approximately $34,694.03 from Patelco Credit Union account number 522851-S00, held in the name of Greg Garma (hereafter the "defendant funds").

1. The IRS-CI commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about September 26, 2013, the IRS-CI received a claim from Greg Garma and Brenda

1

Garma asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that from May 23, 2013, and continuing at least to and through May 29, 2013, Greg Garma or another person acting for his benefit, structured transactions by breaking up currency deposits to Patelco Credit Union Savings Account 522851-S00 to evade the currency transaction report ("CTR") requirement of 31 U.S.C. § 5313. Specifically, between May 23, 2013 and May 29, 2013, at least $48,700 in currency was structured into the Savings Account 522851-S00. The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.00 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

5. Without admitting the truth of the factual assertions contained in this stipulation, Greg Garma and Brenda Garma specifically deny the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Greg Garma and Brenda Garma agree that an adequate factual basis exists to support forfeiture of the defendant funds. Greg Garma and Brenda Garma hereby acknowledge that they are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Greg Garma and Brenda Garma shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial

district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $19,082.00 of the $34,694.03 in U.S. Currency seized from Patelco Credit Union Savings Account 522851-S00, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $15,612.03 of the Approximately $34,694.03 seized from Patelco Credit Union Savings Account 522851-S00, shall be returned to potential claimants Greg Garma and Brenda Garma, through their attorney Jason L. Perisho.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Greg Garma and Brenda Garma waived the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

1  15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated: May 29, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4

Consent Judgment of Forfeiture